

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel.: (202) 305-8849

February 13, 2025

**Via CM/ECF**

Clifton Cislak, Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue NW
Washington, D.C. 20001

    RE:   *Dellinger v. Bessent*, No. 25-5028

Dear Mr. Cislak:

In the motion we filed this morning, we indicated (at 8 n.1) that we would notify this Court when the district court acted on our pending stay motion. The district court has denied that motion in the attached order. Shortly thereafter, plaintiff filed his opposition, noting that the motion was denied; we file this letter simply to ensure that the Court has received the notice we indicated we would convey.

                      Sincerely,

                      */s/ Daniel Winik*
                      Daniel Winik

cc:    All counsel (via CM/ECF)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| **HAMPTON DELLINGER** *in his personal capacity and in his official capacity as Special Counsel of the Office of Special Counsel*, <br><br> Plaintiff, <br><br> v. <br><br> **SCOTT BESSENT** *in his official capacity as Secretary of the Treasury*, *et al.*, <br><br> Defendants. | Civil Action No. 25-0385 (ABJ) |

## ORDER

On Friday, February 7, 2025 at 7:21 p.m., plaintiff Dellinger was the Special Counsel in the Office of Special Counsel, having been nominated by a President and confirmed by the Senate. Compl. ¶ 30. That was the status quo. At 7:22 p.m., the White House informed him that his position was terminated without cause. Ex. A to Compl. [Dkt. # 1-1].

That action was contested. In a lawsuit filed on Monday, February 10, plaintiff maintained that it plainly violated an unambiguous provision of the United States Code that was enacted by Congress and signed into law by President George H.W. Bush: 5 U.S.C. § 1211(b). Compl. ¶¶ 20, 38–41. And on that day, this Court entered an administrative stay to restore the status quo existing before the contested action, that is, Dellinger's position as Special Counsel, for a very brief period of time – until midnight on February 13 – so that it could receive the benefit of the defendants' briefing before it ruled on plaintiff's pending motion seeking a temporary restraining order. *See* Minute Order (Feb. 10, 2025). Defendants appealed and moved for a stay of that unappealable order, but apparently, they did not comply with it. *See* Defs.' Notice of the President's Designation of Acting Special Counsel [Dkt. # 13]. Their appeal has since been dismissed for lack of jurisdiction. *See* Order, *Dellinger v. Bessent*, No. 25-5025 (D.C. Cir. Feb. 12, 2025).

On February 12 – ahead of its own schedule – the Court issued a temporary restraining order, again calling for the restoration of the duly appointed Special Counsel, i.e., the status quo, until it rules on the request for a preliminary injunction.  *See* Order [Dkt. # 14].  In the same order, the Court set a prompt hearing date for the preliminary injunction, which is to be held on February 26, 2025.  And again, defendants have moved for a stay while they appeal what is also an order of limited duration that is not subject to appeal.

Defendants' position is that the statutory restrictions on the Special Counsel's removal are unconstitutional.  They are eager to have that issue heard and resolved by a higher court.  They will have that opportunity in due course, but first, the issue has to be fully briefed in this Court, where the case is pending.  There has to be a hearing, and this Court has to issue an appealable order.  In the meantime, defendants must appreciate that moving for a stay is not the same thing as receiving a stay.  Indeed, as the Order issued on February 12 observes, the defendants have not identified any harm to themselves or the public that could flow from the Special Counsel's continuing to perform his statutory duty to protect whistleblowers in the federal government on a non-partisan basis.  Order at 25.

The Court respects the importance of the matter and the Article II powers and responsibilities defendants are seeking to vindicate, and that is precisely why full briefing and a hearing are required.  It also respects the concerns underlying the very unique role the Office of Special Counsel was designed to play and the provisions Congress decided – after lengthy negotiations with the executive branch – were necessary to enable the Special Counsel to fulfill that role free of political interference.  His situation may not be found comparable to that of a typical agency head who wields significant executive power to promulgate regulations or enforce the law.

The Court has acted and will continue to act with extreme expedition.  It has alerted the parties to the fact that it is considering consolidation of the request for interim relief with consideration of the merits, but it gave the parties the courtesy of expressing their views on that issue by tomorrow instead of doing so *sua sponte*.

For all of these reasons, defendants' motion to stay the February 12, 2025 temporary restraining order is **DENIED**.

AMY BERMAN JACKSON
United States District Judge

DATE:  February 13, 2025